**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

CHRISTOPHER ALLEN JOHNSON                    CIV. ACTION NO. 24-0352

VERSUS                                                              JUDGE TERRY A. DOUGHTY

FRANK J. BISIGNANO,                                  MAG. JUDGE KAYLA D. MCCLUSKY
COMMISSIONER, U.S. SOCIAL
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a petition for attorney's fees pursuant to 42 U.S.C. § 406(b) (sometimes referred to herein as "§ 406(b) Fee Petition") [doc. # 18] filed by Daniel S. Jones with the Law Office of Charles E. Binder and Harry J. Binder, L.L.P., attorney for Plaintiff Christopher Johnson.   The Commissioner filed a response stating that he neither supported, nor opposed the motion, but provided information to assist the Court in its determination.   (Gov.'t Response [doc. # 22]).[1]   As detailed below, IT IS RECOMMENDED that the motion be GRANTED.

### Background and Timeline

On March 8, 2024, Christopher Johnson ("Johnson"), represented by Daniel S. Jones[2] filed the instant complaint for judicial review of the Commissioner's denial of social security disability benefits.   (Compl.).   On July 9, 2024, pursuant to an unopposed motion filed by the Commissioner, the District Court reversed and remanded the matter for further proceedings under the fourth sentence of 42 U.S.C. § 405(g).   (Judgment [doc. # 15]).   On July 25, 2024,

---

[1]   Although the Commissioner has no direct financial interest in the § 406(b) award, he acts as a trustee on behalf of the claimant.   *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002).

[2]   Vijay Venkataraman is enrolled as local counsel.

Johnson filed a stipulated motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA Fee Motion"), which resulted in a July 31, 2024 stipulated order awarding Johnson EAJA fees in the amount of $7,500.00 for 37.5 hours of work by his attorneys, plus court costs of $405.00.   (Stipulated Order [doc. # 17]).   However, the U.S. Department of the Treasury applied $6,334.00 of the EAJA fee award to Johnson's delinquent debt that he owed for child support payments.   *See* Aug. 16, 2024 Notice; § 406(b) Fee Petition, Exh. C [doc. # 18-4]. Consequently, Johnson's attorneys received only $1,166.00 of the EAJA fee award.   (Charles Binder Affirmation; § 406(b) Fee Petition [doc. # 18-3]).

Following remand, and after another hearing, the Commissioner rendered a fully favorable decision, finding that Johnson was disabled within the meaning of the Social Security Act since his alleged onset date of March 1, 2015.   *See* June 27, 2025 Notice of Decision; § 406(b) Petition, Exh. F [doc. # 18-4].

On October 27, 2025, the Social Security Administration issued a Notice of Award that calculated Johnson's past-due benefits and advised him that the agency was withholding 25 percent of the past due benefits, or $23,583.25, to pay his lawyer.   (Notice of Award; § 406(b) Petition, Exh. D [doc. # 18-4]).

On November 12, 2025, Johnson's attorney, Daniel Jones of the Law Office of Charles E. Binder and Harry J. Binder, L.L.P.,[3] filed the instant petition for an attorney fee pursuant to 42 U.S.C. § 406(b).   He seeks to recover a § 406(b) award in the amount of $23,583.25, which represents 25 percent of Johnson's past-due benefits, as compensation for work expended on the client's behalf in federal court.

---

[3]   Plaintiff's attorney is the real party in interest for purposes of the instant motion.   *Gisbrecht*, 535 U.S. at 798, n.6.

In further support of the 406(b) petition, counsel submitted a Retainer Agreement and Assignment ("Agreement") executed by Johnson and Charles E. Binder & Harry J. Binder Attorneys at Law, L.L.P.   (Agreement; § 406(b) Petition, Exh. A [doc. # 18-4]).   The Agreement provides, in pertinent part, that,

> This is an Agreement . . . to (1) appeal the denial of Social Security benefits to the United States District Court, and (2) represent the claimant thereafter if the Court remands the matter.
>
> *          *          *
>
> 3.      If the case is remanded by the United States District Court to the Social Security Administration for further administrative proceedings, the law firm agrees to continue representation.   If the claimant is awarded past due benefits by the Appeals Council or an Administrative Law Judge, the law firm may apply for fees under §406(a) and/or §406(b).   **These fees will not exceed 25% of the back due benefits due to claimant and their family**.   Fees will be approved by the U.S. District Court pursuant to §406(b) of the Social Security Act and/or by the Social Security Administration pursuant to 406(a).
>
> *          *          *
>
> 7.      If the case is remanded, the claimant agrees to being represented by the law firm on any remanded hearing.   Fees under 42 U.S.C. § 406 (a) and (b) will not exceed 25 percent of the retroactive benefits . . .

*Id*.

## Law

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

3

In *Gisbrecht v. Barnhart*, the Supreme Court recognized that contingent-fee agreements remain the primary source for determining the fee that a claimant owes her attorney for representation in federal court. *Gisbrecht*, 535 U.S. at 807. Pursuant to § 406(b), however, courts also must review fee agreements to ensure that they yield "reasonable results in particular cases." *Id*. For fees within the 25 percent boundary, the burden remains with the attorney for the successful claimant to show that "the fee sought is reasonable for the services rendered." *Id*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. In its assessment of the reasonableness of the fee prescribed by the fee agreement, the court may require the attorney to submit a record of the number of hours that he expended on the case and his normal hourly billing charge in noncontingent fee cases. *Id*.

In *Jeter v. Astrue*, the Fifth Circuit examined *Gisbrecht* and concluded that lower courts are not precluded from considering the lodestar (the number of hours reasonably expended by the attorney in the case multiplied by his reasonable hourly fee) in their 406(b) fee determinations. *Jeter v. Astrue*, 622 F.3d 371(5th Cir. 2010). The court explained that

> where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney - and thus not attributable to the attorney's representation of the client before the court.

*Id*.

Although the Fifth Circuit declined to prescribe an exhaustive list of factors that lower courts should consider when determining whether a particular fee is unearned, the Court did cite some factors considered by other courts, including, risk of loss in the representation, attorney experience, percentage of the past-due benefits the fee constitutes, value of the case to the

4

claimant, degree of difficulty, and whether the client consents to the fee.   *Id.*

**Analysis**

**I.     Timeliness**

A motion for attorney's fees under § 406(b) is governed by Federal Rule of Civil Procedure 54(d)(2) which provides that the motion for fees must be filed no later than 14 days after entry of judgment "unless otherwise provided by statute or order of the court."   *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); FED. R. CIV. P. 54(d)(2).   Paradoxically, however, a § 406(b) fee motion is not available until after a favorable award is issued by the Commissioner, which may not occur until months or even years following remand.

Johnson's attorney filed the instant motion sixteen days after the agency issued its October 27, 2025 Notice of Award and fourteen days after receipt by counsel.   *See* Charles Binder Affirmation [doc. # 18-3].   Therefore, the petition arguably is timely.   Even if it were not, the Court finds that counsel has satisfied the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(1)(B).

**II.     Reasonableness**

Johnson's counsel obtained a favorable outcome in this case, with no indication of undue delay on his part.   Counsel expended a total of 37.5 hours prosecuting this matter in federal court.   *See* Binder Affirmation and Contemp. Federal Court Hours [doc. #s 18-3-4].   Thus, if counsel were to receive the $23,583.25 withheld by the Commissioner and as provided under the Agreement, then he will have been compensated at an hourly rate of $628.89 ($23,583.25/37.5 hrs.).

Counsel did not set forth his ordinary billing rate(s), so the Court will assume the $200/hr. rate that it employs in EAJA fee petitions.   Therefore, counsel's requested fee award

5

will result in an hourly rate that is 3.14 times greater than counsel's ordinary billing rate. This multiplier is within the range of awards upheld by this and other courts. *See Randolph v. Astrue*, Civ. Action No. 05-1692 (W. D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein); *Jeter v. Astrue*, Civ. Action No. 06-0081 (W. D. La.) (award reduced to 2.5 times counsel's ordinary billing rate); *see also Villanueva v. Acting Comm'r of Soc. Sec.*, Civ. Acton No. 21-4945, 2024 WL 4965734, at *4 (E.D.N.Y. Dec. 2, 2024) (approving § 406(b) fee award for Mssrs. Charles Binder and Daniel Jones that resulted in an hourly rate of $761.61); *Taylor v. Comm'r of Soc. Sec.*, Civ. Action No. 21-0792, 2023 WL 4925280, at *2 (W.D. La. Apr. 3, 2023), *R&R adopted,* 2023 WL 4921515 (W.D. La. Aug. 1, 2023) (approving § 406(b) fee award that resulted in an effective hourly rate of $1,171.23 for court-related time).

The Court further observes that counsel is highly experienced in litigating social security matters. *See* Binder Affirmation. Moreover, this case presented fact-intensive issues, with no guarantee of success. Although counsel seeks the maximum 25 percent of past-due benefits permitted by law, the value of the case to the claimant was considerable and cannot be understated. Finally, there is no indication that the client consents to the fee.

Upon consideration, the undersigned finds that counsel has established that the fee sought is reasonable for the services rendered.

## III.     Obligation to Remit Smaller Fee

When a court grants contingency fees under § 406(b), the same statute makes it a crime for an attorney to "charge[ ], demand[ ], receive[ ], or collect[ ] for services rendered in connection with proceedings before a court . . . any amount in excess of that allowed by the court." *Rice v. Astrue*, 609 F.3d 831, 835–36 (5th Cir. 2010) (quoting 42 U.S.C. § 406(b)(2)).

6

In other words, an attorney who receives a § 406(b) fee is prohibited from also seeking to collect a fee awarded under the EAJA. *Id.*

In 1985, however, Congress passed an uncodified amendment to § 206(b) of the EAJA, clarifying that "no violation of law occurs 'if, where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d)], the claimant's attorney refunds to the claimant the amount of the smaller fee." *Astrue v. Ratliff*, 560 U.S. 586, 595 (2010) (quoted source omitted).

Here, the Court previously awarded EAJA fees to Johnson in the amount of $7,500.00. However, after a reduction by the U.S. Department of the Treasury for Johnson's delinquent debt, his attorney(s) received only $1,166.00 of the EAJA fee award. Therefore, Johnson's attorney(s) is required to refund to the claimant the smaller of the two fees, i.e., $1,166.00.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the petition for attorney's fees pursuant to 42 U.S.C. § 406(b) [doc. # 18] filed by Daniel S. Jones, attorney for Plaintiff Christopher Johnson, be GRANTED, and that the law firm of Charles E. Binder & Harry J. Binder Attorneys at Law, L.L.P. be awarded the sum of $23,583.25, which may be satisfied from Plaintiff's past due benefits *in accordance with agency policy*, subject to counsel's obligation to refund to the client the EAJA fee award actually received by counsel in this matter, i.e., $1,166.00.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 29th day of April, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE